### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

**OMARR ROYALE WILLIAMS,**

**Plaintiff,**

**v.**                                  **CAUSE NO. 2:20-CV-245-JTM-JEM**

**UNITED STATES OF AMERICA,**
**THERESA L SPRINGMANN, JOSHUA**
**P KOLAR, WILLIAM BARR,**

**Defendants.**

### OPINION and ORDER

Omarr Royale Williams, a prisoner proceeding without a lawyer, filed a
complaint. (DE # 1.) Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint
to determine whether it states a claim for relief. The court must bear in mind that "[a]
document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94
(2007) (quotation marks and citation omitted).

The complaint is somewhat difficult to decipher, but it can be discerned that
Williams was arrested in October 2019 on federal charges in the Northern District of
Indiana.[1] He claims that the Magistrate Judge and District Judge assigned to his
criminal case have violated his constitutional rights by denying him bond and denying
him a speedy trial. He further alleges that the United States of America is improperly
prosecuting him and that he is "being held captive for a corporation," which he deems

---

[1] Public court records reflect that Williams has been charged with bank robbery, and that the case
is scheduled to proceed to trial on October 13, 2020. *U.S. v. Williams*, 2:19-CR-126-TLS-JLK (N.D. Ind. filed
Oct. 9, 2019). The court is permitted to take judicial notice of public records in determining whether the
complaint states a claim. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

to be "servitude/slavery." He names the two Judges as defendants, as well as the

United States of America, and Attorney General William Barr, as the individual who

"runs the D.O.J." He seeks monetary damages in the amount of $5 million, an order

dismissing the criminal charges with prejudice, and other relief.

Williams cannot obtain release from custody or dismissal of the pending criminal

charges in this civil rights action. *Preiser v. Rodriguez,* 411 U.S. 475, 488 (1973). His

available remedy, if any, is in the criminal case or an appeal, not a separate suit for

damages. To the extent any of Williams' allegations survive this barrier, he has not

alleged a viable claim against any defendant. The two Judges are entitled to absolute

immunity for their rulings in Williams' criminal case. *Stump v. Sparkman*, 435 U.S. 349,

359 (1978); *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). Likewise, the United States of

America is entitled to sovereign immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).

There is no indication that Attorney General Barr was personally involved in these

events, and he cannot be held liable solely because he is the official who oversees the

Department of Justice. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020); *Estate of Miller

by Chassie v. Marberry*, 847 F.3d 425, 428 (7th Cir. 2017).

Ordinarily, the court should afford a *pro se* litigant an opportunity to cure his

defective pleadings. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018);

*Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). However, the court is not required to

grant leave to amend where such action would be futile. *Hukic v. Aurora Loan Servs.*, 588

F.3d 420, 432 (7th Cir. 2009). That is the case here. The court finds no basis to conclude

that, if given another opportunity, Williams could state a viable claim for relief, consistent with the allegations he has already made.

For these reasons, the court:

(1) **DISMISSES** this case pursuant to 28 U.S.C. § 1915A; and

(2) **DIRECTS** the clerk to close this case.

**SO ORDERED.**

Date: August 4, 2020

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

3